# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

SIFORT CONTREKER, et al.,

    Plaintiffs,

v.                      CASE NO.: 1:11cv208-SPM/GRJ

CHARLES ELLIS DAVIS,

    Defendant.

_____/

## ORDER GRANTING MOTION FOR STIPULATED FINAL JUDGMENT

This case was brought under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801, et seq., for damages and equitable relief concerning housing facilities owned and controlled by defendant Charles Ellis Davis. After the parties provided notice to the court that they had settled (doc. 49), the case was dismissed in accordance with Northern District of Florida Local Rule 16.2(D), which allows a case to be dismissed upon notice of settlement with retention of jurisdiction for 60 days. Within the 60-day retention period, the plaintiffs sought to reopen the case based on the defendant's delay in executing the settlement agreement. (Doc. 51). While the motion to reopen was pending, the parties agreed upon a stipulated final judgment, which they have asked the court to approve. (Docs. 52 and 53). The plaintiffs also filed a notice, treated as a motion, to withdraw the motion to reopen because they are now seeking the alternative remedy of entry of the stipulated judgment. (Doc. 54).

In summary, the stipulated final judgment enjoins the defendant from housing migrant agricultural workers unless the defendant obtains certification of compliance with state and federal standards and complies with regulations. The stipulated judgment also enjoins the defendant from hindering investigations and inspections by authorities. The stipulated judgment further provides that all current and future migrant agricultural workers

housed by the defendant are intended beneficiaries who may seek enforcement of the judgment.

A district court presented with a consent judgment should approve it unless it is "unconstitutional, unlawful, unreasonable, or contrary to public policy." *Stovall v. City of Cocoa,* 117 F.3d 1238, 1240 (11th Cir. 1997). When a consent judgment is being sought to vindicate statutory rights, the consent judgment should be consistent with the statute upon which the relief is being granted. *White v. Alabama*, 74 F.3d 1058, 1074 & n.52 (11th Cir. 1996).

The stipulated judgment in this case meets these standards. The equitable relief sought in the judgment is available to private parties under the Migrant and Seasonal Agricultural Worker Protection Act. 29 U.S.C. § 1854(a) and (c). The requirement in the judgment for the defendant to obtain certification and to comply with health and safety regulations is consistent with the health and safety provisions of the Migrant and Seasonal Agricultural Worker Protection Act. 29 U.S.C. § 1823. Moreover, the ability of nonparties to enforce the equitable relief provided in the judgment is recognized by Federal Rule of Civil Procedure 71, *see Reynolds v. McInnes*, 380 F.3d 1303, 1308 (11th Cir. 2004) (nonparty intervenors who are within the zone of interests protected by a consent judgment may have the ability to enforce it under Rule 71); *Barfus v. City of Miami*, 936 F.2d 1182, 1187 n.18 (11th Cir. 1991) (discussing enforcement of a consent judgment by a nonparty); *Moore v. Tanigipahoa Paris Sch. Bd.*, 625 F.2d 33, 34-35 (5th Cir. 1980)[1] (same); *In re Employment Discrimination Litigation Against the State of Ala.*, 213 F.R.D. 592, 595 (M.D. Ala. 2003) (same), although the court retains the discretion to determine whether such an enforcement action would be appropriate.[2]

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting the case law of the former Fifth Circuit developed before October 1, 1981, as precedent in this circuit).

[2] "[P]recedents establish a clear rule that the circumstances in which third parties may enforce court orders through civil-contempt proceedings are limited and that such proceedings are disfavored." *In re Employment Discrimination Litigation Against the State of Ala.*, 213 F.R.D. at 596. Furthermore, the use of a court's equitable power through contempt proceedings may not be appropriate when there are "specific and wholly adequate remedial schemes" already provided by law. *Id.* at 597.

Based on the foregoing, the parties' Joint Motion for Entry of Stipulated Final Judgment (doc. 52) is GRANTED. The Stipulated Final Judgment will be entered by separate order. Plaintiffs' Motion to Re-Open Case (doc. 51) is GRANTED for the limited purpose of entry of the stipulated final judgment. The motion to withdraw (doc. 54) is DENIED AS MOOT.

**DONE AND ORDERED** this 10th day of September, 2013.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**